**Ryan L. Marshall** (9529)
Barnes & Thornburg LLP
299 South Main Street, Suite 1825
Salt Lake City, UT 84111
Telephone: 801-906-5125
Email: ryan.marshall@btlaw.com

**Michael T. Griggs** (pending *pro hac vice*)
BOYLE FREDERICKSON SC
840 NORTH PLANKINTON AVE
MILWAUKEE, WI 53203
Telephone: 414-225-6311
Email: mtg@boylefred.com

**Geoffrey J. Behr** (pending *pro hac vice*)
BOYLE FREDRICKSON SC
840 NORTH PLANKINTON AVE
MILWAUKEE, WI 53203
Telephone: 414-908-0640
Email: gjb@boylefred.com

**Melissa G. Biesmann** (pending *pro hac vice*)
BOYLE FREDERICKSON SC
840 NORTH PLANKINTON AVE
MILWAUKEE, WI 53203
Telephone: 414- 908-0639
Email: mbiesmann@boylefred.com

*Attorneys for Plaintiff American Tack &
Hardware Co. Inc.*

**THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| **AMERICAN TACK & HARDWARE CO. INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**SNAPRAYS, LLC DBA SNAPPOWER**<br><br>     **Defendant.** | **COMPLAINT**<br><br>**Case No. 2:26-cv-00078**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff American Tack & Hardware Co. Inc. ("American Tack" or "Plaintiff") hereby brings this complaint for declaratory judgment against Defendant SnapRays, LLC ("SnapPower" or "Defendant"), as follows:

**The Parties**

1.     American Tack is a New York corporation with a principal place of business at 12745 W. Capital Drive, Suite 205, Brookfield, WI 53005.

2. On information and belief, SnapPower is a Utah company with a principal place of business at 426 East 1750 North Unit D, Vineyard, Utah 84057.

## Nature of the Action

3. American Tack seeks declaratory judgment that the claims of U.S. Patent 9,035,180 ("the '180 patent"), U.S. Patent 9,899,814 ("the '814 patent") U.S. Patent 10,109,945 patent ("the '945 patent"), U.S. Patent 10,373,773 ("the '773 patent"), U.S. Patent 10,381,788 ("the '788 patent"), U.S. Patent 10,381,789 ("the '789 patent"), and U.S. Patent 10,404,045 ("the '045 patent") (collectively "the Asserted Patents"), which have been asserted by SnapPower against American Tack's products, are invalid. The Asserted Patents are attached as Exhibits A-G.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1332(a)(1), and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Background of the Dispute

6. On May 21, 2024, SnapPower filed a complaint against American Tack for infringement of the Asserted Patents in the case captioned *SnapRays LLC d/b/a SnapPower v. American Tack & Hardware Co. Inc.*, Case No. 3:24-cv-01228-O, which is currently pending in the district court for the Northern District of Texas.

7. In its initial infringement contentions, SnapPower asserted that American Tack's powered cover plate products sold under the LumiCover and GloCover brands infringe 115 claims across the seven Asserted Patents.

8. On March 28, 2025, the district court in Texas issued an order requiring SnapPower to reduce the number of asserted claims to no more than 20 claims. *See* Order to reduce claims (Doc. 59) in the N.D. Texas case, attached as Ex. H.

9. SnapPower did reduce the number of asserted claims from 115 down to 20, but stated that "SnapPower reserves the right to sever and stay prosecution on those claims and otherwise reserves all available rights relating to the unselected claims and without any intent to waive such rights." *See* SnapPower Response to Order to Reduce Claims (Doc. 62) in the N.D. Texas case, pg. 2, attached as Ex. I.

10. In the case captioned *American Tack & Hardware Co. Inc., v. Snaprays, LLC d/b/a SnapPower*, Case No. 2:25-cv-00603, currently pending in this District, SnapPower has brought counterclaims for infringement of the '180 and '814 patents. SnapPower had originally brought infringement claims for these patents in the N.D. Texas case.

11. SnapPower has expressly stated and plainly demonstrated that it is not withdrawing any of the infringement claims that it previously raised against American Tack in the N.D. Texas case, thus giving rise to a judiciable case or controversy relating to infringement and invalidity of the Asserted Claims.

12. In addition to reducing the number of claims at issue in the N.D. Texas case, the district court in that case has precluded American Tack from bringing various invalidity defenses on procedural grounds, a decision that American Tack disputes. Accordingly, American Tack has been precluded from presenting a full invalidity defense on the merits to the 20 infringement

claims that remain pending in the N.D. Texas case. As a defendant to a claim of patent infringement, under the principles of due process, American Tack is entitled to bring a full defense on the merits.

13. One invalidity defense that American Tack is precluded from bringing in the N.D. Texas case, is that the claims are invalid in view of a known metal clip design, as embodied in the Keystone Clip, in combination with other prior art. As shown below, the structure of the known metal clip (right) is nearly identical to the metal clip in American Tack's products (left).



14. The Keystone Clip is prior art to the Asserted Patents.

15. With respect to the 20 infringement claims that are pending in the N.D. Texas, the invalidity defenses that American Tack will present in this case are not duplicative of the invalidity defenses presented in the N.D. Texas case, as they are based upon prior art that has been precluded from the N.D. Texas case, such as the Keystone Clip.

**Count I – Declaratory Judgment of Invalidity of the '180 Patent**

16. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-15.

17. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '180 patent.

18. The claims of the '180 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

19. For example, the claims of the '180 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of U.S. Patent 8,668,347 ("the '347 patent," attached as Ex. J) (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (attached as Ex. K) (shown below at right).



20. For at least this reason, American Tack is entitled to judgment that the claims of the '180 patent that SnapPower has asserted against American Tack are invalid.

**Count II – Declaratory Judgment of Invalidity of the '814 Patent**

21. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-20.

22. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '814 patent.

23. The claims of the '814 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

24. For example, the claims of the '814 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



25. For at least this reason, American Tack is entitled to judgment that the claims of the '814 patent that SnapPower has asserted against American Tack are invalid.

**Count III – Declaratory Judgment of Invalidity of the '945 Patent**

26. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-25.

27. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '945 patent.

28. The claims of the '945 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

29. For example, the claims of the '945 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



30. For at least this reason, American Tack is entitled to judgment that the claims of the '945 patent that SnapPower has asserted against American Tack are invalid.

**Count IV – Declaratory Judgment of Invalidity of the '773 Patent**

31. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-30.

32. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '773 patent.

33. The claims of the '773 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

34. For example, the claims of the '773 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



35. For at least this reason, American Tack is entitled to judgment that the claims of the '773 patent that SnapPower has asserted against American Tack are invalid.

**Count V – Declaratory Judgment of Invalidity of the '788 Patent**

36. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-35.

37. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '788 patent.

38. The claims of the '788 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

39. For example, the claims of the '788 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



40. For at least this reason, American Tack is entitled to judgment that the claims of the '788 patent that SnapPower has asserted against American Tack are invalid.

**Count VI – Declaratory Judgment of Invalidity of the '789 Patent**

41.     American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-40.

42.     An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '789 patent.

43.     The claims of the '789 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

44.     For example, the claims of the '789 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



45.     For at least this reason, American Tack is entitled to judgment that the claims of the '789 patent that SnapPower has asserted against American Tack are invalid.

**Count VII – Declaratory Judgment of Invalidity of the '045 Patent**

46. American Tack hereby realleges and incorporates by reference the allegations of paragraphs 1-45.

47. An actual and justiciable controversy exists and between American Tack and SnapPower concerning non-infringement and invalidity of the '045 patent.

48. The claims of the '045 patent that SnapPower has asserted against American Tack are invalid for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 102, 103, and 112.

49. For example, the claims of the '045 patent that SnapPower has asserted against American Tack are invalid under 35 U.S.C. § 103 based upon the combination of the '347 patent (annotated figure from the '347 patent at left) and the known metal clip design embodied in the Keystone Clip (shown below at right).



50. For at least this reason, American Tack is entitled to judgment that the claims of the '045 patent that SnapPower has asserted against American Tack are invalid.

**Prayer for Relief**

WHEREFORE, American Tack demands that judgment be entered in its favor and against SnapPower as follows:

A.    Find that the claims of the '180, '814, '945, '773, '788, '789, and '045 patents that have been asserted by SnapPower against American Tack's products are invalid.

B.    Grant such other further relief as the Court may deem proper and just.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(c), American Tack demands a trial by jury on all issues so triable.

Dated: January 30, 2026

/s/ Ryan L. Marshall
Ryan L. Marshall (9529)
Barnes & Thornburg LLP
299 South Main Street, Suite 1825
Salt Lake City, UT 84111
Telephone: 801-906-5125
Email: ryan.marshall@btlaw.com

s/Michael T. Griggs
Michael T. Griggs
Geoffrey J. Behr
Melissa G. Biesmann
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
*Attorneys for Plaintiff American Tack & Hardware Co. Inc.*